ELECTRONICALLY FILED - 2021 Jan 06 2:47 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100007

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHEROKEE | IN THE COURT OF COMMON PLEAS<br>C.A No.: 2021-CP-11-00007 |

Brian Worsley,

              Plaintiff,

vs.

Walmart, Inc., Walmart Stores East, LP and Wal-Mart Supercenter, dba Walmart Supercenter #638,

              Defendant.

**AMENDED
SUMMONS
(Jury Trial Demanded)**

TO:    THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said complaint on the subscribed, **Stewart Law Offices, 1242 Ebenezer Road, Rock Hill, South Carolina, within THIRTY (30)** days after the service hereof, exclusive of the date of such service. If you fail to answer the complaint within the time aforesaid, then a default judgment will be rendered against you for the relief demanded in the complaint.

Respectfully Submitted,

Stewart Law Offices, LLC

s/Brent P. Stewart
Brent P. Stewart (S.C. Bar No. 66083)
1242 Ebenezer Road
Post Office Box 670 (29231)
Rock Hill, South Carolina 29732
803–328-5600 (o)
803–728-5876 (f)
brent@stewartlawoffices.net
Attorney for Plaintiff

Rock Hill, South Carolina
January 6, 2021

1

ELECTRONICALLY FILED - 2021 Jan 06 2:47 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100007

STATE OF SOUTH CAROLINA

COUNTY OF CHEROKEE

Brian Worsley,

        Plaintiff,

vs.

Walmart, Inc., Walmart Stores East, LP and Wal-Mart Supercenter, dba Walmart Supercenter #638,

        Defendant.

IN THE COURT OF COMMON PLEAS
C.A No.: 2021-CP-11-00007

**AMENDED
COMPLAINT
(Jury Trial Demanded)**

COMES NOW, Plaintiff, complaining of Defendants, either individually and/or due to the combined acts of each, jointly and severally, would respectfully show unto this Honorable Court and allege as follows:

1.    Plaintiff is a citizen and resident of the Davie County, North Carolina.

2.    Upon information and belief, Defendants are each a Delaware corporation, incorporated, organized, and existing under the laws of the State of Delaware. All allegations herein referring to Defendants are addressing the actions of Walmart, Inc., Walmart Stores East, LP, and/or the Wal-Mart Supercenter, dba Walmart Supercenter #638. All Defendants regularly transact business in Cherokee County, South Carolina at the time of the acts and/or omissions giving rise to this cause of action.

3.    This Court has personal jurisdiction over the parties named above, subject matter jurisdiction over the causes of action set forth below, and venue is proper in Cherokee County, South Carolina.

4.    All allegations contained herein against the Defendants refer to and include the principal, agents, employees and/or servants of said Defendants, either directly or vicariously under

2

ELECTRONICALLY FILED - 2021 Jan 06 2:47 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100007

the doctrine of the completed and accepted apparent authority, agency, ostensible agency, and/or

*respondeat superior*, and the act and omissions of the Defendants employees and/or agent and/or

servants are imputed to the Defendants.

## FACTUAL ALLEGATIONS

5.       Defendants operate a retail store, Walmart Supercenter #638 in Gaffney, SC.

6.       On March 19, 2018, Mr. Worsley visited the store to repair equipment on the Walmart

Supercenter #638 premises.

7.       Mr. Worsley while repairing said machinery fell through the floor.  Said area of floor

was either negligently maintained and/or designed and/or constructed directly causing the injury of

the Plaintiff.

8.       As the Plaintiff stepped onto the bad area of the floor his foot went through the floor,

he lost his balance and fell violently.

9.       Mr. Worsley lost his balance because the floor broke away.

10.      A picture taken close in time to the fall shows the dangerous condition at the Walmart

Supercenter #638.

ELECTRONICALLY FILED - 2021 Jan 06 2:47 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100007



11.    Plaintiff has sustained serious and permanent injuries.

12.    These injuries have caused Plaintiff to spend significant sums of money for the services of doctors and medical professionals, under whose care he has been, and for medical treatment and care. Plaintiff likewise may be compelled to spend significant sums of money in the future for the services of doctors and medical professionals and for medical treatment and care. The Plaintiff has also suffered a loss of earnings and earning capacity.

13.    Plaintiff's injuries have caused and will continue to cause him to suffer and endure considerable pain and discomfort, as well as a loss of enjoyment of life.

ELECTRONICALLY FILED - 2021 Jan 06 2:47 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100007

## FOR A FIRST CAUSE OF ACTION

### (Premises Liability)

14.     The preceding paragraphs are repeated and reiterated as if fully set forth verbatim herein.

15.     Plaintiff was an invitee of Defendants, as he was present for a purpose directly connected with the business dealings of Defendants and there was a mutual benefit to both parties.

16.     As an invitee, Plaintiff was owed the utmost duty of care by Defendants.

17.     Defendants owed Plaintiff the duty of exercising reasonable care for his safety.

18.     Defendants owed Plaintiff a duty to discover foreseeable unreasonable risks and take precautions to either eliminate those risks or warn Plaintiff of them.

19.     Defendants had either actual or constructive notice of the dangerous condition in that it was either created by or on behalf of Defendants, observed by an employee or agent of Defendants, or had existed for such a length of time that Defendants should have known about it.

20.     It was reasonably foreseeable to Defendants that the floor was weak and/or in bad shape and/or negligently constructed and constituted a dangerous condition that could injure guests, including Plaintiff.

21.     Despite its actual or constructive notice of the dangerous condition and the reasonable foreseeability of an injury resulting from the dangerous condition, Defendants failed to remedy the dangerous condition and/or warn Plaintiff of it.

22.     Defendants' breach of the duties owed to Plaintiff was the actual and proximate cause of his injuries.

23.     Plaintiff's injuries would not have occurred but for Defendants' breach of the duties owed to him.

ELECTRONICALLY FILED - 2021 Jan 06 2:47 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100007

24.     Plaintiff's injuries were foreseeable to Defendants in that they were the natural and probable consequence of Defendant's breach of the duties owed to him.

25.     Plaintiff suffered injury in the form of bodily injury, loss of earning and earning capacity, pain and suffering, mental anguish, emotional upset and loss of enjoyment of life and incurred damages in the form of medical expenses, as a result of Defendants' breach of the duties owed to him. Said conditions are believed to be permanent in nature.

26.     Defendants are liable for actual and punitive damages as a result of this premises liability claim.

## FOR A SECOND CAUSE OF ACTION

### (Negligence and Gross Negligence)

27.     The preceding paragraphs are repeated and reiterated as if fully set forth verbatim herein.

28.     Defendants owed Plaintiff a duty of reasonable care to act as a reasonable and ordinary person would under the same or similar circumstances.

29.     Defendants owed Plaintiff a duty to provide an environment free from dangerous conditions in compliance with South Carolina statutes and regulations, building codes, ISO codes, OSHA and industry standards, and Defendants' own policies and procedures.

30.     Defendants breached these duties and were negligent, grossly negligent, careless, reckless, willful and/or wanton in one or more of the following particulars:

a.     Failing to act as a reasonably prudent person would under similar circumstances;

b.     Creating or causing to be created a weak area of the floor on the premises;

c.     Allowing a dangerous floor area to exist on the premises;

d.     Failing to repair the old floor/weakened area of the floor on the premises;

6

ELECTRONICALLY FILED - 2021 Jan 06 2:47 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100007

e.    Failing to warn guests of the weak floors on the premises;

f.    Violating South Carolina statutes and/or regulations with respect to the weak floors;

g.    Violating building codes, ISO codes, OSHA and/or industry standards with respect to the floors;

h.    Violating Defendants' policies and procedures with respect to the weak area of the floor;

i.    Failing to properly hire, train, or supervise Defendants' employees or agents with respect to proper procedures for discovering dangerous conditions on the premises and taking appropriate action to either repair those dangerous conditions or adequately warn customers of them; and

j.    In failing to take adequate precautions to ensure no one would walk on the unsafe area as shown above.

k.    If failing to adequately and timely inspect, maintain, repair and/or remedy said dangerous condition.

l.    In failing to provide proper lighting in violation of ISO codes, OSHA and/or industry standards.

m.    In other particulars that shall be developed during the course of discovery and proven at trial.

31.    Defendants' actions and omissions were negligent in that they were careless, in violation of the Defendant's policies and procedures and/or in violation of industry standards.

32.    Defendants' actions and omissions were grossly negligent in that they were reckless, and they demonstrated a conscious failure to exercise and observe reasonable or due care.

33.    Defendants' actions and omissions were negligent per se in that they were in violation of South Carolina statutes, regulations, ISO codes, OSHA and building codes.

34.    Plaintiff was without fault in causing his injuries and damages, as a reasonable person in the same or similar circumstances as Plaintiff encountered would also have been unaware of the dangerous condition and therefore unable to avoid it.

ELECTRONICALLY FILED - 2021 Jan 06 2:47 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100007

35.      Plaintiff suffered injury in the form of bodily injury, pain and suffering, mental anguish, emotional upset and loss of enjoyment of life and incurred damages in the form of medical expenses, as a result of Defendants' breach of the duties owed to him.

36.      Defendants are liable for actual and punitive damages as a result of this negligence claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for or judgment against Walmart, Inc, Walmart Stores East, LP and/or Wal-Mart Supercenter dba Walmart Supercenter #638, both jointly and severally, for actual and punitive damages, in an appropriate amount, as a jury may determine, and for such other and further relief to which Plaintiff may be entitled, including costs of this suit and attorney's fees, as this Honorable Court may deem just and proper.

Respectfully Submitted,

Stewart Law Offices, LLC

s/Brent P. Stewart
Brent P. Stewart (S.C. Bar No. 66083)
1242 Ebenezer Road
Post Office Box 670 (29231)
Rock Hill, South Carolina 29732
803–328-5600 (o)
803–728-5876 (f)
brent@stewartlawoffices.net
Attorney for Plaintiff

Rock Hill, South Carolina
January 6, 2021

STATE OF SOUTH CAROLINA

COUNTY OF CHEROKEE

Brian Worsley,

              Plaintiff,

vs.

Walmart, Inc., Walmart Stores East, LP and Wal-Mart Supercenter, dba Walmart Supercenter #638,

              Defendant.

IN THE COURT OF COMMON PLEAS

**CERTIFICATE OF SERVICE**

I, Sandy Hernandez, the undersigned employee of Stewart Law Offices, do hereby certify that I have served a copy of the foregoing Summons and Complaint in connection with the above-referenced case, by mailing a copy of the same by United States Mail, postage prepaid, to the following addresses:

Wal-Mart Supercenter, dba Walmart Supercenter #638
c/o C T CORPORATION SYSTEM
2 Office Park Court Suite 103
Columbia, South Carolina   29223

Sandy Hernandez
Sandy Hernandez
Legal Assistant to Brent P. Stewart

Rock Hill, South Carolina
January 7, 2021